IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TROY STUTLER,

    Plaintiff,

v.             CIVIL ACTION NO.   5:16-cv-04442

AUTOZONERS LLC and
AUTOZONE, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants' Motion for Partial Summary Judgment* (Document 10), the *Defendants' Memorandum in Support of Motion for Partial Summary Judgment* (Document 11), and the Plaintiff's *Response to Motion for Partial Summary Judgment* (Document 13).  In addition, the Court has reviewed all the attached exhibits.  For the reasons stated herein, the Court finds that the motion should be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff, Troy Stutler, initiated this action on April 4, 2016, by filing his complaint in the Circuit Court of Greenbrier County, West Virginia.  Defendants AutoZoners LLC and AutoZone, Inc., removed the matter to federal court on the basis of diversity jurisdiction on May 18, 2016.  Mr. Stutler was employed by the Defendants as a Commercial Sales Manager in September of 2013.  In November of 2015, a friend and co-worker of the Plaintiff filed a lawsuit against the Defendants, wherein Mr. Stutler was disclosed as a witness.  In February of 2015, the

Plaintiff was terminated from his employment. The Plaintiff's employment with the Defendants was then reinstated around May of 2015. After his reinstatement, the Plaintiff alleges that he opposed deductions from his paycheck that he did not want or agree to. The Plaintiff's employment was again terminated by the Defendants on March 25, 2016. The Plaintiff alleges that he was terminated because he was going to testify on behalf of his coworker in the separate lawsuit filed against the Defendants. He further alleges that the deductions from his paycheck were in violation of the West Virginia Wage Payment and Collection Act.

The Defendants filed their motion for partial summary judgment on July 7, 2016, less than a month after the Court entered its scheduling order. The Plaintiff filed his response on July 26, 2016. The motion is ripe for review.

## STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

2

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

**DISCUSSION**

The Defendants seek summary judgment on counts two and three of the complaint, wherein the Plaintiff alleges violations of the West Virginia Wage Payment and Collection Act (WPCA) and establishes the Defendants' liability due to an agency relationship between the two defendants. The Defendants argue that count two must fail because the Plaintiff agreed to accept coverage under AutoZone's health plan upon his reinstatement of employment. The Defendants assert that communications and paperwork between themselves and the Plaintiff show that no genuine dispute of material fact exists concerning the deductions taken from Plaintiff's paycheck, and that the Defendants are therefore entitled to judgment as a matter of law concerning the alleged WPCA violations. The Defendants further argue that count three must fail because the Plaintiff's allegation concerning the principal-agency relationship between the two Defendants is not in and of itself a cause of action.

The Plaintiff argues that the Defendants' motion should be denied because the parties have not had the opportunity to conduct discovery. The Plaintiff argues that genuine issues of material fact do exist, but that the Plaintiff cannot effectively respond to the Defendant's claims without first conducting the appropriate discovery.

Rule 56(d) of the *Federal Rules of Civil Procedure* allows a court to deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that . . . it cannot present facts essential to justify its opposition . . ." Fed. R. Civ. P. 56(d). *See also*, *Strag v. Bd. of Trustees, Craven Cmty. Coll.*, 55 F.3d 943, 953 (4th Cir. 1995)("[T]his court noted that the nonmoving party's duty to respond specifically to a summary judgment motion is expressly qualified by Rule 56(f)'s [now rule 56(d)'s] requirement that summary judgment be refused where

the non-moving party has not had the opportunity to 'discover information that is essential to his opposition.'"). Here, the Plaintiff has presented a declaration in response to the Defendants' motion stating that he has not had the opportunity to conduct discovery and gather any evidence that could refute the Defendants' claims and prove that factual disputes do indeed exist. Therefore, the motion should be denied to allow the parties to proceed with discovery.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion for Partial Summary Judgment* (Document 10) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 20, 2016

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA